Ondrea Tye
520 E. Lemon Ave
Monrovia, CA 91016
Telephone:(626) 862-6277

In Pro Per

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

LA CV14 06160 -DDP (JCx)

|  |  |
|---|---|
| ONDREA TYE, an individual | CASE NO. |
| Plaintiff, | **COMPLAINT:** |
| vs. | 1. **DEFAMATION—LIBEL PER SE** |
| JEANETTE RUNYON, an individual | 2. **CIVIL HARASSMENT IN VIOLATION OF C.C.P § 527.6** |
| Defendant, | 3. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
|  | 4. **INVASION OF PRIVACY - FALSE LIGHT** |
|  | 5. **INJUNCTIVE RELIEF** |
|  | **[DEMANAD FOR JURY TRIAL]** |

Plaintiff ONDREA TYE("PLAINTIFF" or "ONDREA"), alleges as

follows with respect to the above-caption matter:

## JURISDCITION AND VENUE

1.    This Court has subject matter jurisdiction under 28

U.S.C § 1332(a)(1) because there is complete diversity of

citizenship between PLAINTIFF and Defendant as the action is

COMPLAINT FOR DAMAGES AND OTHER RELIEF -1

between citizen of different states and the amount of controversy exceeds $75,000 exclusive of interests and costs.

2.    This Court has personal jurisdiction over Defendant because her tortious statements and actions that are the subject of this proceeding are: (a) intentionally targeted at a California resident (b) impugn the reputation and integrity of a resident whose career is centered in California; and (c) the brunt of PLAINTIFF'S harm, both in terms of emotional distress and damage to reputation and her reputation as an employee was suffered in California. Personal jurisdiction over Defendants is therefore proper in California based on the "effects" of her conduct in California.

3.    The venue is proper in this judicial district pursuant to 28 U.S.S. §1391(b)(b)(2) because Defendant has engaged in the wrongful acts herein alleged within this judicial district by, among other things, intentionally targeting PLAINTIFF here, and a substantial part of PLAINTIFF'S claims arose in this district.

**INTRODUCTION**

4.    This case arises out of Defendant's false and derogatory statements about PLAINTIFF posted on PLAINTIFF's employer's department's Facebook wall, on the Engineers and Architects Association (EAA) union's Facebook wall where she listed a steward, and on the Los Angeles City's Attorney Cyber Crimes Division Facebook wall; and numerous false and derogatory

COMPLAINT FOR DAMAGES AND OTHER RELIEF -2

statements which continue to be ongoing from her four websites:

exposingsutter.blogspot.com, jeanetterunyon.net,

ondreatyestalker.blogspot.com, ladypredator.com, and on numerous

discussion-oriented forums: theothermccain.com,

conservativehideout.com, barbwire.com, inagist.com, and scrib.com,

a document posting site (hereafter called WEBSITES),and social

media sites Twitter and Facebook. The list cannot be exhaustive

as the Defendant's libelous campaign against Plaintiff is

prolific.

    5.    In summary, Defendant knowingly published and continues

to publish untrue statements that the PLAINTIFF is  "unhinged,"

"mentally disturbed," "crazy" or "deranged," who has been

"stalking" and "smearing" her for a span of years. Further,

Defendant's makes untrue statements that PLAINTIFF posts from

many fictitious accounts over the span of many years along with a

coordinated effort to enlist many of "her cronies" to post in

PLAINTIFF's behalf to defame and harass Defendant. Defendant

intentional and tortious actions were expressly aimed at

California. Defendant's published statements on various

conservative forums and her WEBSITES  as well as Facebook and

Twitter that she knew would have a potentially devastating impact

upon PLAINTIFF, a California resident. She also knew that the

brunt of that injury would be felt by PLAINTIFF in the State in

which she lives and works.  PLAINTIFF alleges that Defendant is

legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to PLAINTIFF alleged herein.

### THE PARTIES

6. Defendant and PLAINTIFF are sisters who have been estranged since May, 2001. Defendant is an individual residing in Lexington, North Carolina and is retired living on a combination of public pension, settlement from a worker's comp injury and social security and some income from a Photography studio.

7. PLAINTIFF is an individual residing in Monrovia, California. PLAINTIFF is employed full time with the City of Los Angeles, Planning Department in Los Angeles, California and who is assigned to run a Design Review Board which meets at night twice a month. PLAINTIFF has a Master's Degree in Public Administration, is a military veteran who at one time was an intelligence analyst (with a top secret clearance) assigned to the FBI for drug interdiction under a special National Guard Program. Plaintiff currently volunteers weekly teaching English as second language (ESL) after work. PLAINTIFF also spends at least one night a week taking art classes and weekends going out to plays, movies and lectures with friends and spending time with her 23 year old daughter.

8. PLAINTIFF, Ondrea Tye, has never been institutionalized for a mental disorder, diagnosed, or treated for a mental

disorder, nor has she taken or now takes medication to treat any mental disorder, nor has any doctor under her care, or employer, or any agent has suggested that she should be evaluated for a mental disorder. However, PLAINTIFF, as her sister, has personal knowledge that Defendant has been diagnosed with Borderline Personality Disorder and was institutionalize in a mental health facility at one time, and at the time of the estrangement was prescribed Risperdal.

### COMMON FACTS AND GENERAL ALLEGATIONS

9. Defendant bases her unwieldy claim that PLAINTIFF, while working full time and despite her other family, social, artistic and volunteer obligations, manages to spend an incalculable amount of time online to smear and harass Defendant Runyon, using a multitude of aliases, under the conspiracy of harnessing multitudes of unknown followers across United States to aid and abet her for over 7-10 years and continuing to this day. Defendant believes that there is some elaborate and complex framework in place in which the PLAINTIFF has power over others to exert her control merely for the purposes of smearing and defaming the Defendant. This faulty deduction is based on an unrelated private email exchanges between Jim Sutter, and PLAINTFIF about 8 years ago. The email exchanges were then delivered to Defendant from his heirs after his passing.  Not only is this vast multi-year web of conspiracy a logistical improbability considering the unending minions she would have power over to carry out her multi-year, dubious plot to "defame" Defendant, but it would assume PLAINTFF has an overwhelming desire to engage in what she actually believes

COMPLAINT FOR DAMAGES AND OTHER RELIEF -5

1  would be a deeply unpleasant and unrewarding chore.    The
2  Plaintiff wants to be left alone so she can live her life without
3  harassing and libelous interference from Defendant.

4      10.   Defendant has never filed a lawsuit against those
5  unknown people who over the many years she has claimed  "stalks"
6  and "defames" her with "lies,"  and subsequently subpoenaed the
7  internet service providers (ISPs) and various online social media
8  entities to identify the source of the accounts to verify if it
9  is, in fact, the PLAINTIFF. ALL such evidence would have
10  exonerated PLAINTIFF.

11      11. Jim Sutter, (deceased in approx. 2009), owned a website
12  blog (now removed) "Hatewatch Hall of Shame" and later, "Chasing
13  Evil," which listed individuals and organizations he deemed as
14  hate mongers.  Jim Sutter (otherwise called Mr. Sutter) listed
15  Defendant, Jeanette Runyon, sometime in March of 2007 as a hate
16  monger based on her comments in his yahoo groups and other venues
17  regarding blacks, gays and Muslims. He quoted her statements in
18  support of his belief on his blog.   The Defendant was so enraged
19  by this, she engaged in a multi-year cyber fight with Mr. Sutter
20  creating at least 4 websites dedicated to "exposing" him and
21  following him from blog to blog calling him a liar, fraud and
22  other inflammatory remarks. At the time of his calling Defendant a
23  hate monger, PLAINTIFF did not know him and only discovered his
24  website many weeks later. PLAINTIFF has never exercised control
25  over Mr. Sutter's postings, but only pointed him to Usenet
26  postings Defendant has made herself. The statute of limitations
27  has long passed if she felt so defamed and it is irrelevant to
28  this Complaint.

12. Prior to that time, in and around April 2005, based on previous Usenet postings, Defendant sent a cease and desist letter and personally served it on PLAINTIFF. Thereafter, PLAINTIFF's attorney, Derek Jones, ESQ., sent a letter back to Defendant's entertainment attorney, Bret Lewis, stating "…to avoid further contact or communications with Ms. Runyon. It appears that an agreement to refrain from further contact would be mutually beneficial." The letter is attached hereto as **Exhibit "A"** and incorporated herein by reference. This was never a stipulated agreement and did not prohibit private emails exchanges to anyone, nor should it. Accordingly, PLAINTIFF has not violated the tenant of the letter and has never contacted nor posted to the Defendant nor has she encouraged, suggested or otherwise conspired with anyone to do this by proxy.

13. Beginning on or about March 13, 2013, PLAINTIFF received a text message from her cousin regarding her daughter (Plaintiff's second cousin) who Defendant "friend" her on Facebook. She witnessed Defendant, Runyon accusing anyone engaged in heated debates being the PLAINTIFF. Thereafter, Plaintiff's second cousin was alarmed at this and "unfriend" Defendant from Facebook. It was at that time PLAINTIFF realized Defendant's obsession with PLAINTIFF. PLAINTIFF was not registered with twitter account until a month later.

14. Beginning or about August 6, 2013, Defendant posted false statements on three professional Facebook Walls related to PLAINTIFFS employer, the Los Angeles City Department of City

COMPLAINT FOR DAMAGES AND OTHER RELIEF -7

Planning, and on the Los Angeles City Attorney Cyber Crime Division:

> "LA city planner Ondrea tye has set up two impersonating twitter (@JeanetteTRunon @JeanetteRunyon9) accounts and posts cyber harassment from her job at Los Angeles Department of City Planning"

and to Engineers and Architects Association union Facebook Wall:

> "I am writing in regards to your Union Steward Ondrea Tye who has been harassing and impersonating me for sometime both from her home computer and her work computer. We have a legal agreement to leave each other alone which she has violated repeatedly. She was posting on an impersonating two twitter accounts"

15.   The statements are false and libelous on their face and exposes PLAINTIFF to contempt, ridicule and obloquy because it disparages PLAINTIFF in the eyes of her friends, colleagues and community. As a result of the Facebook posting, PLAINTIFF has suffered from loss of reputation, shame, mortification and injury to her feelings, causing damages more than the jurisdictional amount.

16. By letter dated August 18, 2013, to Defendant by PLAINTIFF's attorney demanded Defendant Runyon to cease and desist from defaming Plaintiff, Ondrea Tye, and to delete all posts relevant the libelous posts online. A true and correct copy of PLAINTIFF's attorney letter is attached hereto as **Exhibit"B"** and incorporated herein by reference.

17. Runyon responded via email on August 19, 2013, and rejected PLAINTIFF's demands, and denied that any of the statements were false and accused PLAINTIFF of the multi-year harassment and libel campaign. A true and correct copy of

COMPLAINT FOR DAMAGES AND OTHER RELIEF -8

PLAINTIFF's attorney letter is attached hereto as **Exhibit"C"** and incorporated herein by reference.

18.  It is unknown the first time Defendant accused PLAINTIFF of harassment and stalking because PLAINTIFF was not involved in twitter or searching out her statements.  However, after the posting on PLAINTIFF's employers Facebook wall in August 6, 2013 PLAINTIFF began to search her own name in Google and in twitter. To her horror, she read the many   libelous statements from Defendant about her online. Such statements [grammatical and spelling errors included) include, but are not limited to the following:

    a. "My sister had been stalking me by proxy for eight years"

    b. " Deranged stalking sister need a life uses my daughter killed by drunk driver as battering ram"

    c. "The latest deranged droppings From Ondrea Tye."

    d. "Well looks like Ondrea has been busy looking for my California marriage certificate (like I knew she would)"

    e. "My stalker is my siser she @LadyLiberty1885she is so deranged she had surgery to put a dimple in her chin like I have"

    f. "Note that she is using my deceased daughter's name and a photo of me and the second profile she is using an upside down pentagram which is a satanic symbol.  None of this reflects badly on me"

    g. "Ondrea's Old Fiction; I Beat my Daughter"

    h. "I'm wondering if he is crazy enough to believe is own lies? My sister (and sadly my mother as well) are that deranged."

i. "The only person I know worse is my sister Ondrea Tye @enialleX who has been stalking/defaming me for 7 years"

j. "I have a crazy sister harassing me for seven years."

k. "I was never a lib but my whole family was including my very progressive stalking sister Ondrea Tye."

l. "Most of the lies that the homosexual stalkers post are almost word for word from Sutter and a a lot of his lies came from my mentally disturbed sister Ondrea"

m. "LOL sure reads like her classic psychotic illiterate gibberish"

n. "AnotherDubBlogPost is a fat feminist woman who claims to want a sensitive man but her beahvior twoards such men show she has contempt for them. AnotherDumbBlogPost is a progressive woman who has sever failed marriages and relationships, Real men steer clear of her. ThisisADumbPost is Ondrea. How pathetic that she is so obsessed with me  @Varangian000 is her latest Twitter name change."

o. "This is the site that my sister or one of her cronies (Thomas Mix, Rachael Carson-Zerbe or the anonymous fruit cake  NicoleBonnet1 ) did a false review of my photography business. Nice company they keep."

p. "Ondrea Posts She Hates It When Someone Impersonates a Veteran -Unless, of course that person helps her harass and stalk her sister, then her moral outrage goes out the window. Got to love those liberal values"

q. "My sister is so evil she sent me a CD of My Space photos of her daughter Elise to manipulate me with. My husband promptly shredded the CD and predicted that she would then accuse me of "stalking" her My Space account sometime in the future.  That is exactly what she did. Never mind that her My Space account was public and anyone could see it. Because she violated the agreement I am now free to tell the truth about my stalking sister. The rest of her email communications with Sutter

COMPLAINT FOR DAMAGES AND OTHER RELIEF -10

can be seen _here_ or _here_  Pay attention to the time
stamps she is sending emails and suggesting that Sutter
stalk another of her "enemies" from her place of
employment  _Los Angeles_ Department of _City Planning._
Note how she tells Sutter to prove me wrong that he was
indeed in the military.  Her obsessive hate of myself
blinded her to the truth, that Sutter was a complete
fraud."

r. "Ondrea Tye deranged obsessed cyber-stalker of Jeanette
Runyon"

s. "Ondrea sure has been busy sending her hate email one of
her old lies is getting new life.  Really this is quite
pathetic using my dead daughter and lying that I beat
her and she hated me. It's fiction and doesn't bother me
in the least I have copies of Vivian's and my old chats
and what she posted on line.  She was quite close to me
and her dad. The reality was Vivian couldn't stand
Ondrea and was annoyed at me because I let her get away
with stealing our inheritance.   Vivian had Ondrea
figured out quite correctly."

t. Ondrea sure has been busy sending  her hate email one of
her old  lies is getting new life.  Really this is quite
pathetic using my dead daughter and lying that I beat
her and she hated me. It's fiction and doesn't bother me
in the least I have copies of Vivian's and my old chats
and what she posted on line.  She w This information
comes directly from my sister. I don't know if the post
is made by her but the information can ONLY be from her.
What I can't fathom is why she thinks this makes me look
bad. I was married to Poke. I was a virgin when I met
him. I enjoyed being intimate with him. However it was
an unhappy marriage and I divorced Poke over 35 years
ago. Ondrea is trying to smear me with the fact that I
was married to an Occultist. Well we married in the
Episcopal Church she knows that because she was the Maid

of Honor.  He became stranger and stranger and more Pagan as the years went by."

u. "Note that she is using my deceased daughter's name and a photo of me and the second profile she is using an upside down pentagram which is a satanic symbol.  None of this reflects badly on me."

v. "Unfortunately my sister has forced me to expose her mendacious 10 year smear campaign of myself.  I wish I didn't have to do this but she has forced my hand"

w. "My sister Ondrea Tye (@geogoldstein on twitter) has jumped on the Neal Rauhauser bandwagon. Because of my work with McCain exposing the #freeKate pervert lies I have some unhappy folks stalking me. And my sister has been stalking me by proxy for 8 years Here she is following a Neal Rauhauser sock https://twitter.com/anebloo/following"

x. "Exposing the deranged stalking of myself by my sister Ondrea Tye"

19. As of this filing the Complaint the bulk of the libelous statements on her blogs and other online venues remains.

20.   For years, Defendant seeked and continues to seek people in online forums and social media venues with opposing viewpoints for the purposes of exchanging inflamed rhetoric which results in long-running feuds with various individuals.  Many have posted that Defendant allegedly has defamed them, stalks them and harasses them online and offline including one individual who posted a phone call Defendant made to her announcing she knew where she lives and works as well as her husband. One site, nomanics.com a gay marriage support site,posted Defendant's criminal records and mug shot as retaliation from her rabid, anti-

gay stances. Again, without evidence Defendant attributes the website to me and or believes I supplied them with information.

21. Defendant has also accused PLAINTIFF, without evidence, that she posted unfavorable comments regarding her photography studio in Ripoffreport.com, or that she had power to coerce another to do this by proxy.

22. Because of her actions from her online feuds it is apparent there are many others who feel so maligned and harassed and offended to feel compel to perpetrate attacks against her.

23. Further, Defendant falsely asserts without evidence that information to others was provided by PLAINTIF. However, all information against Jeanette Runyon can be found using search engines.

24. Plaintiff does not condone this activity by anyone and finds such behavior to be puerile and unproductive emotional vampires.

25. As a result of the acts and omissions of Defendant, Jeanette Runyon, PLAINTIFF suffered the injuries and damages as hereinafter described.

**FIRST CAUSE OF ACTION**

**(DEFAMATION PER SE)**

26. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 25 as though full set forth herein.

27. As alleged hereinabove, within one year of the filing of this action, Defendant published online statements on PLAINTIFF's employer's Facebook page, her EAA union Facebook page and on the Los Angeles City Attorney's Facebook page and current statements on her four websites and various conservative forums and on Twitter and her own Facebook pages.

28.   The publications can reasonable be understood to be regarding Plaintiff as they identify her by name and leaves no doubt that the publications were and are about PLAINTIFF and no one else. On information and belief the publications can be seen by anyone with an internet connection.

29.   The publications tend to harm the reputation and image of PLAINTIFF on their face (i.e., they are libel per se), in that they impute incompetence or misconduct, and make allegations injurious to PLAINTIFF's personality, demeanor, and standing. The publications tend to lower PLAINTIFF'S in the esteem of her peers and exposed to ridiculed and contempt.

30. The online publications are false, have no basis in fact and is incapable of being established to be true.

31.   The publications were not privileged and were not opinions. Defendant knew the statements were false or had reckless disregard for their falsity, and therefore, acted with actual malice.

32. As a direct and proximate consequence of such libel per se stated herein, PLAINTIFF has been generally, specially, and consequentially damage in an amount to be established according to evidence.

<u>SECOND CAUSE OF ACTION</u>

<u>CIVIL HARASSMENT IN VIOLATION OF C.C.P.§ 527.6</u>

33. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 as though full set forth herein.

34. Defendant's wrongful conduct, as alleged hereinabove, though not threatening violence, nevertheless was "a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves

no legitimate purpose" as such, such misconduct constitutes civil harassment, under C.C.P.§ 527.6(b), as well as a misdemeanor crime under Penal Code §§ 653m and 653.2. Stated otherwise, the "course of conduct [was] such as would case a reasonable person to suffer substantial emotional distress, and [did] actually cause substantial emotional distress to the to the [Plaintiff]" as required by C.C.P.§ 527.6(b)

35. As alleged herein below, PLAINTIFF did, in fact, suffer severe emotional distress as a direct consequence of Defendant's harassment.

36. As a direct and proximate consequence of Defendant's harassment alleged here, PLAINTIFF has been generally, specifically and consequentially damaged in the amount to be established according to evidence.

37. Under C.C.P. §527.6(r), PLAINTIFF is entitled to an award of the attorney's fees and that she incurs to prosecute an action seeking an injunction pursuant to C.C.P. §527.6

38. The aforementioned civil harassment was committed willfully and intentionally, and by means of oppression, fraud and malice and in conscious disregard of PLAINTIFF's rights. Therefore, PLAINTIFF is entitled to an award of exemplary or punitive damages under Civil Code § 3294, in an amount to be established at trial, in order to meaningfully punish Defendant and to thereby deter similar conduct by her in the future. Punitive damages are especially appropriate because of Defendant's past patter of oppressive and harassing conduct.

39. Defendant harassment alleged herein, unless enjoined by a preliminary injunction order and permanent injunction judgment of this Honorable Court (or in the alternative, statutory temporary

1  restraining order and three-year injunction under C.C.P. § 527.6)

2  will continue to cause great and irreparable injury to Plaintiff.

3  As such, Plaintiff has no adequate remedy at law for injuries that

4  she is currently suffering, and are threatened to be suffered from

5  Defendant's harassment and illegal conduct.

### THIRD CAUSE OF ACTION

#### INTENTIONAL INFLICTION OF EMOTONAL DISTESS

8      40.   PLAINTIFF re-alleges and incorporates by reference

9  paragraphs 1 through 39 as though full set forth herein.

10     41. Defendant's extreme and outrageous conduct alleged

11  herein, including, but not limited to harassment and defamation

12  were intentionally and maliciously committed with the intent to

13  deliberately inflict humiliation, mental anguish and emotional and

14  physical distress upon PLAINTIFF, and done in wanton and reckless

15  disregard of such consequences towards PLAINTIFF.

16     42. As a result of such severe emotional distress, PLAINTIFF

17  has been generally, specially, and consequentially, damaged in an

18  amount to be established according to evidence.

19     43. Defendant committed the aforementioned infliction of

20  emotional distress willfully and intentionally, and by means of

21  oppression, fraud, and malice, and in conscious disregard of

22  PLAINTIFF's rights. Therefore, PLAINTIFF is entitled to an award

23  of exemplary or punitive damage under California Civil Code

24  § 3294, in an amount to be established at trial to meaningfully

25  punish Defendant and to thereby deter similar conduct by her in

26  the future. Punitive damages are especially appropriate because of

27  Defendant's past patter of oppressive and harassing conduct.

### FOURTH  CAUSE OF ACTION

#### VIOLATION OF RIGHT TO PRIVACY-FALSE LIGHT

44. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 43 as though full set forth herein.

45. By publishing on the WEBSITES false statements of fact that PLAINTIFF has committed and does commit crime, has engaged and does engage in wrongdoing and stalks Defendant and is "mentally disturbed," "unhinged," and other adjectives used by Defendant to described PLAINTIFF's diminished mental state, Defendant has shown PLAINTIFF, ONDREA TYE in a false light.

46. The false light create by Defendant RUNYON, would be highly offensive to a reasonable person in PLAINTIFF's position.

47. PLAINTIFF is informed and believes, and thereon alleges, that at all times relevant, Defendant RUNYON knee the publication would create a false impression about PLAINTIFF, acted with reckless disregard for the truth, or were negligent in determining the truth of the information or whether a false impression would be created by it' publications.

48. As a direct and proximate result of RUNYON's acts as aforesaid, PLAINTIFF suffered damage and injuries as yet uncertain amount that will be established according to proof at trial.

### FIFTH CAUSE OF ACTION

### INJUNCTIVE RELIFE

49. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 48 as though full set forth herein.

50. Defendant, RUNYON continues to engage in the wrongful conduct describe in the Complaint, in derogation of PLAINTIFF's rights and RUNYON will continue to do so unless restrained and enjoined from doing so by this Court. Such conduct, if permitted, will cause irreparable injury to PLAINTIFF for which monetary damages would not provide an adequate remedy, in that Defendant

RUNYON's wrongdoing harms PLAINTIFF's reputation, her standing in the community, her relationship with colleagues in her profession and at her employment, the loss of which would be difficult to value, and thus difficult to ascertain the amount of compensation which would afford PAINTIFF adequate relief. PLAINTIFF is entitled to preliminary and permanent injunctions, (a) restraining and enjoining Defendant RUNYON and any and all person acting in concert with Defendant RUNYON, and each of them, from hosting, posting and publishing any comments about PLAINTIFF and on her WEBSITES and any other forum or media; (b) ordering Defendant RUNYON, and any and all persons acting in concert with Defendant RUNYON, to delete all posts from the WEBSITES and social media accounts Twitter and Facebook that reference or refer to PLAINTIFF to removal all images of PLAINTIFF from the WEBSITES and to post a retraction on the WEBSITES acknowledging the falsity of all statements about PLAINTIFF; and (c) to enjoin Google search engine to block all lists of links and images from searches of Plaintiff's name Ondrea Tye and to delete from their cache all Google searches links or images which is connected to the name Ondrea Tye.

## PRAYER FOR RELIEF

WHEREFORE PLAINTIFF prays for judgment as set forth below:

1. For monetary damages in excess of $75,000 or according to proof;

2. For punitive and exemplary damage;

3. For temporary and permanent injunctive relief

4. For interest at the legal rate according to proof;

5. For attorney's fees and costs of suit incurred herein; and

6.    For such other and further relief as the Court may

deem jut and proper.

Dated: August 6, 2014

By_____

Ondrea Tye In Pro Per.

# EXHIBIT A

20

# DEREK JONES, ESQ.

SEVENTH FLOOR
1900 AVENUE OF THE STARS
LOS ANGELES, CALIFORNIA 90067

(310) 712-6815


April 8, 2004


Via U.S. Mail
Bret Lewis, Esq.
12304 Santa Monica Boulevard
Los Angeles, CA 90025

       **Re:**    **Jeanette Runyon**

Dear Mr. Lewis:

       I write on behalf of Ms. Ondrea Tye, in response to your letter dated March 30.

       First and foremost, we note that your client desires to "terminate communications with [Ms. Tye] in every respect." Ms. Tye likewise wishes to avoid further contact or communications with Ms. Runyon. It appears that an agreement to refrain from further contact would be mutually beneficial.

       The balance of this letter responds generally to your admonition to "cease and desist" from publicizing statements which allegedly "constitute an invasion of privacy, libel, [and] intentional infliction of emotional distress..." This response is not intended to escalate the underlying disagreement between Ms. Runyon and Ms. Tye -- as set forth above, Ms. Tye wishes to put an end to their feud. However, it appears necessary to clarify that Ms. Tye's statements do not constitute any of the torts you allege.

       The statements which you attribute to Ms. Tye do not constitute libel, which the California Civil Code defines as a "*false* and unprivileged publication...which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes [her] to be shunned or avoided, or which has a tendency to injure [her] in [her] occupation." Cal. Civil Code § 45. Rather, the vast majority of the Ms. Tye's statements referenced in your letter are incontrovertible. It is well-established that truth of statements made is a complete defense against civil liability for defamation, even if bad faith or malicious purposes are present. *See*, for example, Washer v. Bank of America, 87 Cal.App.2d 501, 509 (1948). Furthermore, even if, *arguendo*, Ms. Tye's statements were construed to be less that entirely or literally truthful, it is not apparent that Ms. Runyon has suffered any actionable injury as a result of any of Ms. Tye's statements.

**DEREK JONES**

Bret Lewis, Esq.
April 7, 2004
Page 2


Similarly, the statements attributed to Ms. Tye do not constitute tortious invasion of privacy. To be actionable, such invasion necessarily involves active and widespread dissemination -- more than a mere mention -- of information that is truly confidential, not just information that one wishes to keep from one's friends or colleagues.

The statements you attribute to Ms. Tye also do not constitute actionable infliction of emotional distress. Such conduct must be "outrageous" and "beyond all bounds of decency" and must produce emotional distress "of such substantial quantity or enduring quality that no reasonable [person] in a civilized society should be expected to endure it". Fletcher v. Western National Life Insurance Co., 10 Cal.App.3d 376, 397 (1970); see also 5 Witkin (Torts) § 404. None of the statements allegedly made by Ms. Tye rise to this level.

In sum, "[t]here is no occasion for the law to intervene in every case where someone's feelings are hurt". Rest.2d, Torts § 46, Comment d. Likewise, there is no occasion to threaten litigation because Ms. Runyon's feelings have been hurt by Ms. Tye's statements, most (if not all) of which appear to be accurate representations of fact.

Finally, a cursory review of the e-mail traffic attached to your letter suggests Ms. Runyon herself has a penchant for harsh and insulting language. I am also informed that Ms. Runyon has posted false information about Ms. Tye on various internet venues, and has on several occasions impersonated Ms. Tye, to Ms. Tye's general detriment. Without delving into a painful account of who said what to whom, I want to be sure you fully understand the nature of this unfortunate situation.

Please feel free to contact me at (310) 712-6815 if you have any questions or concerns. Otherwise, my sincere hope is that Ms. Runyon and Ms. Tye can "agree to disagree" and move beyond this feud, primarily by refraining from further contact or communication, including (but not limited to) any further "web postings" regarding one another.

Best regards,


DEREK JONES, ESQ.


22

# EXHIBIT B

# INTERNET LAW CENTER

Bennet G. Kelley
(310) 452-0401
bkelley@InternetLawCenter.net

August 18, 2013

**VIA AND POSTAL ELECTRONIC MAIL**

Ms. Jeanette Runyon
686 S. Happy Hill Road
Lexington, N.C.
JeanetteVictoria@ymail.com

Re:   *Ondrea Tye*

Dear Ms. Runyon:

I represent your sister, Ondrea Tye and am writing with respect to recent internet activity taken against her.

In 2004, you and Ms. Tye reached an agreement to refrain from web postings about each other.  Ms. Tye has, and continues to, abide by this "cyber cease fire".

*Mr. Jeannette Runyan*
*August 13, 2013*
*Page 2 of 3*

As a result, your posting of allegations that Ms. Tye has engaged in "e-personation" and "cyber stalking" on her employer's facebook page is absolutely false (see attached).  In fact, Ms. Tye is willing to execute an affidavit to that effect if requested.

My client is not seeking conflict, but merely wants to live her life without interference.  For that reason, she asks that you confirm your intention to abide by the "cease fire" going forward.

Absent such an agreement, Ms. Tye would have no choice but to pursue a defamation action in Los Angeles County Superior Court, since publishing allegations that Ms. Tye engaged in criminal behavior is per se defamatory for which damages are presumed and punitive damages may be awarded pursuant to California Civil Code Section 45a and 48a.  Given that jurors would have to weigh the relative credibility of a distinguished public servant and a serial cyber-abuser, this is not a case that would end well for you at all.

Moreoever, given that court filings are public records, I would anticipate that any action brought by Ms. Tye would be closely followed and commented upon by your many online enemies.

Whether the next few years are a sad tale of siblings battling each other in court or living separate lives undisturbed is entirely up to you.

Accordingly, please confirm in writing below that you will adhere to the cease fire that had previously been effecive.

Sincerely,

*Mr. Jeannette Runyon*
*August 13, 2013*
*Page 3 of 3*

BENNET G KELLEY

INTERNET LAW CENTER

I HEREBY CONFIRM MY INTENTION TO ABIDE BY THE "CYBER CEASE FIRE"
THAT HAD BEEN EFFECTIVE SINCE 2004 UNDER WHICH EACH PARTY AGREED
TO REFRAIN FROM MAKING ANY ONLINE POSTINGS ABOUT THE OTHER
PARTY.

_____

Jeannette Runyon

# EXHIBIT C

27

Date: Mon, 19 Aug 2013 14:19:29 -0700
From: jeanettevictoria@ymail.com
Subject: Ondrea Tye impersonation and stalking
To: bkelley@InternetLawCenter.net

I note that you have in fact a copy of her email that she sent to Mr Sutter where she supplies him with defamatory information and then admits to violating our agreement  In fact she told him not to mention where he got his information because she will have to deny.  And I quote from that docuetn that yiu have in that letter you sent to me *If you post anything you find in those public forums do not say you got a tip from anyone let alone me-her sister. She sent me a letter from her attorney saying to never talk about her again and I said fine if it's mutual. "*

Ms Tye had made a career of posting defamation about me  abut since 2001 after the agreement she enlisted her ex husband Vladimir Drkulec to post defamation on news groups

I have been harassed and cyber-stalked by her and the folks she has manipulated to help her for almost a decade now but the worse was what she did with Rev Sutter's help.  As a result of her defamation on hes web page I was falsely accursed of a crime when I was in Kiev and had my newborn daughter taken from me and falsely arrested and thrown in jail. All charges were dropped but my daughter was never returned.

When Rev Sutter passed away his family took down his defamatory blog and sent me copies of the email exchange between the too. She has impersonated me on Facebook using a old Usenet nick that no one on Facebook  no one would know Ladywolf and the name of my  domain Lady Predator which is also not publicly known except by her and few others

No one but someone who has a personal grudge against me would even bother to harass me for a decade.  As you can see form these emails she is compelled to harass.  Most of the information in those email is false The only person I now who hates me this much is my sister.

She is current posting my home address and defamation on twitter the lats was this morning.

I spoke to <u>Cindy Spalding</u> Esq  909 980 9607  and can confirm my allegations  more over she has met my sister several times

My sister has several tells,, she is a unique way of misspelling  world and she always posts how mentality ill I am.

Ondrea has cost me the lost of my newborn daughter and more recently I was offend a

position as a national coordinator of a new conservative group but they change their minds after see the amount of staking and defamation I am subjected by her and the web page she help set up. http://nomaniacs.wordpress.com/2011/09/04/jeanette-t-runyon-national-organization-for-marriage-supporter-public-offender/ this page is defamation that was taken form Rev Sutter web about about me She provided the iinfirmation.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VERIFICATION**

I Ondrea Tye, the undersigned, certify and declare that, I am party to this action. I have read the foregoing Complaint and know and understand its contents thereof. The matters stated herein, are true of my own knowledge and beliefs, except as to those matters alleged and/or stated on my information and beliefs, and as to those matters I believe them to be true.

I declare under penalty of perjury pursuant to the law of the United States of America that the foregoing is true and accurate.

Executed on August 6, 2024, in Monrovia, CA

By_____

Ondrea Tye in Pro Per

3b

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself [X] ) | **DEFENDANTS** ( Check box if you are representing yourself [ ] ) |
|---|---|
| Ondrea Tye | Jeanette Runyon<br>686 Happy Hill Rd, Lexington, NC  27295 |

| **(b)** County of Residence of First Listed Plaintiff   Los Angeles<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Davidson<br>*(IN U.S. PLAINTIFF CASES ONLY)* |
|---|---|
| **(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.<br><br>Ondrea Tye<br>520 E. Lemon Ave<br>Monrovia, CA 91016 | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- [ ] 1. U.S. Government Plaintiff
- [ ] 2. U.S. Government Defendant
- [ ] 3. Federal Question (U.S. Government Not a Party)
- [X] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

- [ ] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Reinstated or Reopened
- [ ] 5. Transferred from Another District (Specify)
- [ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes  [ ] No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes  [X] No     [X] **MONEY DEMANDED IN COMPLAINT:** $  250,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| [ ] 375 False Claims Act | [ ] 110 Insurance | [ ] 240 Torts to Land | [ ] 462 Naturalization Application | **Habeas Corpus:** | [ ] 820 Copyrights |
| [ ] 400 State Reapportionment | [ ] 120 Marine | [ ] 245 Tort Product Liability | [ ] 465 Other Immigration Actions | [ ] 463 Alien Detainee | [ ] 830 Patent |
| [ ] 410 Antitrust | [ ] 130 Miller Act | [ ] 290 All Other Real Property | | [ ] 510 Motions to Vacate Sentence | [ ] 840 Trademark |
| [ ] 430 Banks and Banking | [ ] 140 Negotiable Instrument | **TORTS** | **TORTS** | [ ] 530 General | **SOCIAL SECURITY** |
| [ ] 450 Commerce/ICC Rates/Etc. | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) |
| [ ] 460 Deportation | | [ ] 310 Airplane | [ ] 370 Other Fraud | **Other:** | [ ] 862 Black Lung (923) |
| [ ] 470 Racketeer Influenced & Corrupt Org. | [ ] 151 Medicare Act | [ ] 315 Airplane Product Liability | [ ] 371 Truth in Lending | [ ] 540 Mandamus/Other | [ ] 863 DIWC/DIWW (405 (g)) |
| [ ] 480 Consumer Credit | [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.) | [ ] 320 Assault, Libel & Slander | [ ] 380 Other Personal Property Damage | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI |
| [ ] 490 Cable/Sat TV | | [ ] 330 Fed. Employers' Liability | [ ] 385 Property Damage Product Liability | [ ] 555 Prison Condition | [ ] 865 RSI (405 (g)) |
| [ ] 850 Securities/Commodities/Exchange | [ ] 153 Recovery of Overpayment of Vet. Benefits | [ ] 340 Marine | **BANKRUPTCY** | [ ] 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| [ ] 890 Other Statutory Actions | [ ] 160 Stockholders' Suits | [ ] 345 Marine Product Liability | [ ] 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 891 Agricultural Acts | [ ] 190 Other Contract | [ ] 350 Motor Vehicle | [ ] 423 Withdrawal 28 USC 157 | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 871 IRS-Third Party 26 USC 7609 |
| [ ] 893 Environmental Matters | [ ] 195 Contract Product Liability | [ ] 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | [ ] 690 Other | |
| [ ] 895 Freedom of Info. Act | [ ] 196 Franchise | [ ] 360 Other Personal Injury | [ ] 440 Other Civil Rights | **LABOR** | |
| [ ] 896 Arbitration | **REAL PROPERTY** | [ ] 362 Personal Injury-Med Malpratice | [ ] 441 Voting | [ ] 710 Fair Labor Standards Act | |
| [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision | [ ] 210 Land Condemnation | [ ] 365 Personal Injury-Product Liability | [ ] 442 Employment | [ ] 720 Labor/Mgmt. Relations | |
| | [ ] 220 Foreclosure | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 443 Housing/ Accommodations | [ ] 740 Railway Labor Act | |
| [ ] 950 Constitutionality of State Statutes | [ ] 230 Rent Lease & Ejectment | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 445 American with Disabilities-Employment | [ ] 751 Family and Medical Leave Act | |
| | | | [ ] 446 American with Disabilities-Other | [ ] 790 Other Labor Litigation | |
| | | | [ ] 448 Education | [ ] 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**     Case Number:     LA CV14 06160-DDP (JCx)

CV-71 (06/14)                    CIVIL COVER SHEET                    Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? [ ] Yes [X] No  If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | [ ] Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? [ ] Yes [X] No  If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?  _check one of the boxes to the right_ → | [ ] YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | [ ] NO.  Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)  _check one of the boxes to the right_ → | [ ] YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? [ ] Yes [X] No  If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?  _check one of the boxes to the right_ → | [ ] YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | [ ] NO.  Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)  _check one of the boxes to the right_ → | [ ] YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of _plaintiffs who reside in this district_ reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [X] |
| Indicate the location(s) in which 50% or more of _defendants who reside in this district_ reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [ ] |

| **D.1.  Is there at least one answer in Column A?** [ ] Yes [X] No  If "yes," your case will initially be assigned to the SOUTHERN DIVISION.  Enter "Southern" in response to Question E, below, and continue from there.  If "no," go to question D2 to the right. → | **D.2.  Is there at least one answer in Column B?** [ ] Yes [X] No  If "yes," your case will initially be assigned to the EASTERN DIVISION.  Enter "Eastern" in response to Question E, below.  If "no," your case will be assigned to the WESTERN DIVISION.  Enter "Western" in response to Question E, below.  ↓ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: → | WESTERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | [ ] Yes [X] No |

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**IX(a).  IDENTICAL CASES:** Has this action been previously filed **in this court**?     ☒ NO     ☐ YES

If yes, list case number(s): _____

**IX(b).  RELATED CASES:** Is this case related (as defined below) to any cases previously filed **in this court**?     ☒ NO     ☐ YES

If yes, list case number(s): _____

Civil cases are related when they:

☐ A.  Arise from the same or closely related transactions, happening, or event;

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply.  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X.  SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____     DATE: _August 6, 2014_

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1.  This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |