O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ONDREA TYE, an individual, | ) | Case No. CV 14-06160 DDP (JCx) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING EX PARTE** |
| v. | ) | **APPLICATION FOR TEMPORARY** |
| | ) | **RESTRAINING ORDER AND ORDER TO** |
| JEANETTE RUNYON, an | ) | **SHOW CAUSE RE PRELIMINARY** |
| individual, | ) | **INJUNCTION** |
| | ) | |
| Defendant. | ) | [Dkt. No. 23] |
| _____ | ) | |

## I.  BACKGROUND

On August 6, 2014, Plaintiff Ondrea Tye ("Plaintiff") filed suit against her sister, Defendant Jeanette Runyon ("Defendant"), alleging claims of defamation, civil harassment, intentional infliction of emotional distress, and false light violation of privacy. (See First Amended Complaint, Dkt. No. 9.)  The Court subsequently dismissed the civil harassment and false light claims. (See Dkt. No. 20.)

Plaintiff now seeks a temporary restraining order ("TRO") that would prevent Defendant from posting Plaintiff's personal emails online. (See Dkt. No. 23.)  Plaintiff also requests an order to

1  show cause why a preliminary injunction should not be granted
2  regarding the same behavior.  (Id.)  The Court, having considered
3  Plaintiff's submission, GRANTS the application for a TRO and the
4  request for an order to show cause.

5  **II.  LEGAL STANDARD**

6        Requests for temporary restraining orders are governed by the
7  same general standards that govern the issuance of a preliminary
8  injunction.  See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush &
9  Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  An injunction
10 is a matter of equitable discretion and is "an extraordinary remedy
11 that may only be awarded upon a clear showing that the plaintiff is
12 entitled to such relief."  Winter v. Natural Resources Defense
13 Council, Inc., 555 U.S. 7, 22 (2008).

14       "A plaintiff seeking a preliminary injunction must establish
15 that he is likely to succeed on the merits, that he is likely to
16 suffer irreparable harm in the absence of preliminary relief, that
17 the balance of equities tips in his favor, and that an injunction
18 is in the public interest."  Winter, 555 U.S. at 20.  A preliminary
19 injunction "should not be granted unless the movant, by a clear
20 showing, carries the burden of persuasion."  Mazurek v. Armstrong,
21 520 U.S. 968, 972 (1997) (citation omitted).

22 **III.  ANALYSIS**

23       In this case, Plaintiff has not made a clear showing that she
24 is entitled to relief.  Firstly, Plaintiff has not demonstrated
25 that she would suffer irreparable harm.  Plaintiff has known of
26 Defendant's online postings since the commencement of her suit.
27 Plaintiff has also known that Defendant has posted Plaintiff's
28 emails online since October 2014, when Plaintiff filed her Amended

1  Complaint.  See Dkt. No 18, ¶¶ 11, 18.  Thus, Plaintiff has had

2  many months to seek injunctive relief in the form of a preliminary

3  injunction, but has only now done so.  The Court cannot find that

4  Plaintiff will suffer irreparable harm if Plaintiff is not granted

5  the relief she requests.

6      Furthermore, the balance of equities and the public interest

7  do not weigh in Plaintiff's favor.  Although Plaintiff may succeed

8  on the merits of her defamation claim, the Court cannot find that

9  enjoining Defendant from posting Plaintiff's emails online would be

10  directly relevant to that claim.  Plaintiff has cited to multiple

11  examples of Defendant posting attacks of Plaintiff's character

12  online in her First Amended Complaint as well as in her application

13  for a TRO.  Defendant's online statements accuse Plaintiff of being

14  mentally ill, harassing Defendant, impersonating Defendant, and

15  cyber-stalking Defendant, among other things.  These statements

16  could reasonably be found to be defamatory.  However, the actual

17  emails that are the subject of Plaintiff's TRO are not Defendant's

18  own writings or speech; rather, they are emails Plaintiff wrote and

19  sent to a third party that were then forwarded to Defendant.  Given

20  the circumstances, the Court cannot say that Plaintiff has a strong

21  privacy interest in her emails.  The balance of equities does not

22  tip in Plaintiff's favor, and injunctive relief in this instance

23  would not advance the public interest.

24      A TRO is an "extraordinary remedy that may only be awarded

25  upon a clear showing that the plaintiff is entitled to such

26  relief." Winter, 555 U.S. at 22.  The Ninth Circuit has limited

27  the issuance of ex parte TROs to a "very few circumstances." Reno

28  Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th

Cir.2006).   The Court concludes that Plaintiff has not shown that she is entitled to such a remedy.

**III.   CONCLUSION**

For the reasons stated above, Plaintiff's Application for a TRO and Order to Show Cause is DENIED.

IT IS SO ORDERED.

Dated: April 10, 2015

DEAN D. PREGERSON
United States District Judge