1  Ondrea Tye
2  520 E. Lemon Ave
   Monrovia, CA 91016
3  Telephone :(626) 862-6277

4  Plaintiff in Pro Per

5
   Jeanette Runyon
6  Happy Hills
   Lexington NC 27295
7  Telephone (336) 236-9300

8  Defendant in Pro Per

9

10            UNITED STATES DISTRICT COURT

11           CENTRAL DISTRICT OF CALIFORNIA

12
                              CASE NO. LA CV14 06160-DDP (JCx)
13  ONDREA TYE, an individual

14                 Plaintiff,    **PLAINTIFF'S MOTION TO COMPEL**
                                 **INTEROGATORIES AND PRODUCTION OF**
15    vs.                        **DOCUMENTS;**
                                 **[NO JOINT STIPULATION POSSIBLE]**
16  JEANETTE RUNYON, an          **REQUEST FOR ORDER TO WAIVE DEFENDANT'S**
    individual                   **OBJECTIONS THEREOF;**
17                               **DECLARATIONS OF ONDREA TYE**
18                 Defendant,

19                               Hearing Date: Sept 8th 2015
                                 Hearing Time: 9:30 a.m
20                               Location: Courtroom 20, 3rd fl
21
                                 Pre-Trial Conf.: January 30, 2016
22                               Trial Date February 16, 2016
                                 Discovery Cut-Off: September 30, 2015
23

24

25

26

27

28

# I. INTRODUCTION

Although a Joint Stipulation is required pursuant to Local Rule 37-2, Ondrea Tye, ("Plaintiff"), failed to engage Defendant, Jeanette Runyon ("Defendant"), to provide any answers, or objections to Interrogatories and for the Production of Documents; therefore, the Plaintiff cannot comply with Local Rule 37-1, because Defendant has ignored any requests by Plaintiff for permitting a conference or an legitimate explanation. This is not so much debating the objections to the Discovery Requests, since nothing has been provided to Plaintiff at all in which to define a stipulation from which to argue objections to those Discovery Requests.

Both Plaintiff and Defendant are *Pro Se* litigants and Defendant does not seem to understand the Civil Procedure Rules governing Federal District Court, and the Local Rules specifically. Apparently, she believes the legal timelines for discovery are suspended because other might be another event, for example, mediation, scheduled.

Plaintiff, Ondrea Tye, asks leave of the court to allow this motion despite not having met the requirements set forth in Local Rule 37. Plaintiff with due diligence, attempted to resolve this matter so that this could be a stipulated motion, but Defendant is unwilling and dismissive of the Local Rules of this District Court

and Plaintiff had other no choice but to exercise her legal rights by filing this motion.

It's understandable given the litigants are representing themselves to give a few days, or perhaps a week beyond the time limits as provided by the Federal Rules of Civil Procedure (FRCP), however, this *Pro Se* Defendant seems to believe she can be relieved of any time allowances simply because she just can. To relieve the Pro Se litigant because she did not read and comply with the Rules, would permit chaos and give an unfair advantage to the Defendant--particularly when the Plaintiff, is likewise, a *Pro Se* litigant and has endeavored to read and understand the time limits under federal discovery rules.

**A. Nature of the Case.**

For a span of many years Defendant has been libeling Plaintiff in various social media sites, her four personal blogs (with one even called "OndreaTyeStalker") and on multiple conservative blogs, accusing Plaintiff of a multi-year campaign of stalking Defendant and "smearing" her. The accusations includes impersonating her, acting in concert with others, others pseudonyms to attack and smear her and compelling others to act in Plaintiff's behalf. The posting of the emails is used as a tool to elicit sympathy from her supporters to act in her behalf to further libel the Plaintiff and harass her. Defendant's

accusations include calling Plaintiff "deranged," "mentally disturbed," a "cyber stalker," and accusing Plaintiff of being various internet persons or those persons acting in her behalf to "smear" and attack her. Further, Defendant on multiple occasions accused Plaintiff of impersonating Defendant and cyberstalking her and that Plaintiff makes these attacks during working hours.

**B. Plaintiff's Unsuccessful Efforts to Engage Defendant in the Discovery Process.**

Request for Production of Documents and Interrogatories and Request for Admissions was served on Plaintiff via First Class mail on June 3, 2015, (Exhibit "A "B" and "C"). Defendant, following Federal Rules of Civil Produce (FRCP) local rule 37-1 and FRCP 26-37 was informed by the *Pro Se* Plaintiff in a letter (Exhibit "D") on July 15, 2015, that it is: 1) her responsibility and obligation under the rules to comply with discovery requests, and 2), both parties must meet and confer to explain why she cannot provide the discovery request, including answering or objecting in a timely fashion. Defendant was informed she had 10 days in which to respond and a phone number was provided for her to call Plaintiff for a phone conference.

Thirteen days later an email sent to Plaintiff on July 28, 2015, (Exhibit "E") whereby Defendant states "This is an extremely busy time of the year for me and I do not see the point of doing them before the mediation." Defendant's failure to produced documents and answer ANY interrogatories, even if they would have been objections, are the subject of this motion. Plaintiff can't

even debate in this motion whether or not any objections have merit since the Defendant fails to even provide any objections in the first place she simply dismisses these Requests as just not important to her. The Court should dissuade her of that notion.

Discovery reveals facts and evidence which will be used in trial. The requested documents and answers are important for many reasons, including helping determine that the Defendant has no evidence to support her lies and smears against Plaintiff and that she was, in fact the person who posted them online against Plaintiff. The Defendant apparently thinks because there is mediation date, all timelines and requirements simply cease to exist. Her email stated it was not convenient for her to answer. This is absolutely an irrelevant reason and cannot be used as an objection or defense.

Although Judges give *Pro Se* litigants wide latitude on civil procedures, it does not negate the fact they must be followed the Rules to begin with. There is a point where it becomes ridiculous when they are blatantly ignored. This case has no representative counsel on either side and yet, Plaintiff, acting in *Pro Se* herself, working full time and other obligations in her life has managed to meet deadlines. The Defendant is retired with no work obligations. What obligations she has are from her hobbies or other pleasurable activities and not work-related (even in her answer to the Complaint she stated she derives no income from her

photography and is retired). There is no reason, nor excuse for the Court to entertain the Defendant's delays.

**C. The Discovery Cut-off is Fast Approaching and There May Be a Need for an Extended Discovery Time.**

The parties are now only two months away from the September 30, 2015 discovery cut-off in this case, and many requested documents that are relevant and obviously within Defendant's possession, custody or control have yet to be produced and answers are needed to the interrogatories. Plaintiff, Ondrea Tye, requests that the Court issue an order requiring Defendant to produce documents and provide responses to the requests.

## II. PLAINTIFF, ONDREA TYE, POINTS AND AUTHORITIES.

1. <u>Plaintiff is entitled to discovery.</u>   FRCP 34(b), permits Plaintiff to propound discovery that relates to "any matter, not privileged, that is relevant to the claim or defense of that party." FRCP. 26(b)(1). "It is a common principle that the rules of discovery are to be broadly and liberally construed so as to permit the discovery of any information which is relevant and is reasonably calculated to lead to the discovery of admissible evidence." *Willis vs Ritter*, 2007 WL 2455873 [in a recent ruling in United States District Court Southern District of California, July 12, 2007]. This request is narrowly tailored and calls for documents that are directly relevant to the evidence to prove

Plaintiffs libel claims and that she was the responsible party for posting them everywhere online. Accordingly, the discovery requests at issue seek the to prove Jeanette Runyon is behind the libel *Per Se* attacks against Ondrea Tye and that she did so with malice and intent to harm, cause emotional stress and to do so without evidence the statements she made about Plaintiff were true.

2. <u>Defendant, even as a Pro Se litigant must follow Federal Rules of Civil Procedures</u>. A defendant representing herself, as the Plaintiff is here, is required to follow the same procedural rules as represented parties. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) and *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984), cert. denied, 469 U.S. 1165, 105 S.Ct. 926, 83 L.Ed.2d 938 (1985).

3. <u>The Defendant has waived her right to any objections under FRCP 33(b)4 and 34(b)4.</u> Courts have held that a failure to respond or object to a discovery request in a timely manner waives any objection which may have been available." *Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 236 (W.D.N.Y. 1998(Foschio, M.J.). "[H]owever, waiver is generally imposed only where the party is unable to provide an explanation for its late response". *Callaway Golf Co. v. Corporate Trade Inc.*, 2011 U.S. Dist. LEXIS 44756, 2011 WL(NNN) NNN-NNNN *2 (S.D.N.Y. 2011).

In an excerpt from *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 2012 U.S. Dist. LEXIS 86419 (2012) decided on June 1, 2012, it discusses the federal rules of civil procedure on this point.   In effect, the "Courts have found objections waived, including those based on attorney-client privilege and the work-product protection, where a party serves no response at all for a lengthy time after a response is due, where the party fails to provide a privilege log, and where the nature of the information requested suggests that an objection would normally be made. See *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (stating that "a failure to object to discovery requests within the time required constitutes waiver of any objection"); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) (finding that untimely service of responses to interrogatories waives objections where no response or objection at all was provided); see also *Horace Mann Ins. Co.*, 238 F.R.D. at 538 (holding an untimely assertion of attorney-client privilege was waived when asserted twenty-two days late, without a privilege log, and where the dispute its very nature involved communications between battling insurance companies and their lawyers); *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661-62 (D. Colo. 2000) (finding a claim of privilege waived where the defendant failed to file objections to interrogatories until 71 days after the interrogatories were served); *Smith v. Conway Org., Inc.*, 154 F.R.D. 73, 76 (S.D.N.Y. 1994) (deeming waived a work-product objection asserted nearly four months after the document request was served)."

### III. CONCLUSION

Plaintiff requested documents and interrogatory answers from Defendant, Jeanette Runyon, even waiting over 4 weeks beyond the required time of 30 days for her to respond, but have not received documents and virtually no information from her. All Plaintiff's interrogatories and document requests were reasonably crafted to request those documents and information that was outside the scope of any privilege and certainly work-product. They were specific questions and requests that go to the heart of this Complaint. Plaintiff's prosecution of her claims against Defendant would suffer actual and substantial prejudice from the denial of the documents sought by this request and answers to the interrogatories as these documents and answers undoubtedly, or to the extent there the Defendant states categorically there are no such documents, will be evidence necessary to prove Plaintiff's case. The Plaintiff also requests an order that Plaintiff's Request of Admissions be admitted as evidence insomuch that more than 30 days passed when they must be answered and the Defendant cannot now respond under FRCP Rule 36.

Further, the circumstances of this case also warrant an Order requiring Defendant to produce to the Court complete responses to all Interrogatories and to produce all documents responsive to the Document Request. The Plaintiff also request for an order that Defendant's failure to object timely to the Interrogatories and Production of Documents has now waived her right to any objections.

Therefore, the Plaintiff respectful requests that the honorable Court to:

1) Order the Request of Admissions be admitted as evidence;

2) Order Defendant to Answer Interrogatories;

3) Order Defendant to Produce Documents, if they exist;

4) Order that any objections to the Interrogatories or Production of Documents be Waived for failure to object in a timely manner as required under 33(b) and 34(b) of the Federal Rules of Civil Procedure;

5) For any other Orders that is deemed necessary;

Respectfully submitted,

DATED:   August 4, 2015                    By_____

                                           Ondrea Tye.
                                           Plaintiff in Pro Per

EXHIBIT A

Ondrea Tye
520 E. Lemon Ave
Monrovia, CA 91016
Telephone:(626) 862-6277

In Pro Per

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ONDREA TYE, an individual

                Plaintiff,

vs.

JEANENTE RUNYON, an individual

                Defendant,

CASE NO. LA CV14 06160-DDP (JCx)

**WRITTEN INTERROGATORIES, SET ONE**

PROPOUNDING PARTY:     Ondrea Tye

RESPONDING PARTY:     Jeanette Runyon

SET NUMBER:         One

### WRITTEN INTERROGATORIES, SET ONE

     Plaintiff, Ondrea Tye, requests that Defendant, Jeanette Runyon, answer the following interrogatories under oath and serve them upon Plaintiff within 30 days, pursuant to Federal Rule of Civil Procedure 33(b).

## INSTRUCTIONS

A. Defendant is requested to provide, by way of supplementary responses, such additional information as may hereafter be obtained by Defendant, or any person on Defendant's behalf, that will augment, supplement or otherwise modify the answers now given in response. to the following interrogatories.

B. If any of these interrogatories cannot be responded to in full, answer to the extent possible, specifying the reasons for Defendant's inability to answer the remainder and stating what information Defendant has concerning the unanswered portion.

C. Identify each and every document that once existed but which no longer exists, or for which you cannot locate a copy in your possession or control.

D. For any interrogatory which is objected to on the ground of any privilege, including attorney-client or the work product doctrine, please provide the following information:

    1. approximate date;

    2. type of document (e.g., letter, memorandum);

    3. a general description of its subject matter;

    4. identification of author and address, if applicable;

    5. identification of all recipients;

    6. present location and custodian;

    7. any other description necessary to enable the custodian to locate the particular document.

## DEFINITIONS

    1. "YOU" means you, Defendant, Jeanette Runyon, your employees, your agents, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

    2. "YOURSELF" means Defendant, Jeanette Runyon, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

    3. "PLAINTIFF" means Plaintiff, Ondrea Tye.

4. The word "PERSON" or "PERSONS" as used herein includes natural persons, firms, partnerships, associations, governmental entities, joint ventures, corporations, professional corporations, business, trusts, banking institutions, unincorporated organizations, and any other legal entity.

5. "DOCUMENT" means a writing, recording, or photograph, as defined in Federal Rule of Evidence 1001, and electronically stored information, as defined infra, and including any drafts of the foregoing. Each and every non-identical copy of a document (whether different from the original because of stamps, notes, or other marks made upon such copy or otherwise) is itself a separate document as such terms are used herein.

6. "DOCUMENT" also means any document that did exist, but as of the date of response or production, whichever date is later, has been destroyed, lost, misplaced, or is otherwise unavailable.   For any such document, identify the document by date, subject matter, author, addressee, and persons to whom the document was distributed.  State whether the document was lost, destroyed, or misplaced, and state the name and address of the person who last had custody of or knowledge of the existence of the document.

7. "HANDLE" means, pseudonym, or fictitious name used instead of your actual name.

8. A "RECORD" is composed of one or more "fields," each field being a discrete unit of information.

9. The singular shall include the plural and the past shall tense shall include the present tense, and vice versa; the words "and" and "or" shall be both conjunctive or disjunctive; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including without limitation"; the word "he" or any other masculine pronoun includes any individual regardless of sex.

10. "ADDRESS" means the street address, including, the city, state, and zip code

11. The term "COMPLAINT" shall mean the First Amended Complaint in this matter filed by Plaintiff on  October 2, 2014.

12. The term "IDENTIFY," when used with respect to a natural person, means to state his or her full name, present or last known employer and job title, present or last known business address, and present or last known home and work telephone numbers.

13. The term "IDENTIFY," when used with respect to a document (as previously defined) means to state the date, subject matter, author, recipient, and type of document (e.g., letter, memorandum, computer printout, sound reproduction, chart, etc.), the author and recipients.

14. If you do not have personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking the other persons or organizations, unless the information is equally available to the asking party.

15. Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response.  If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

16. If any document covered by this request is withheld by reason of a claim of privilege, a list is to be furnished at the time that documents are produced identifying any such document for which the privilege is claimed together with the following information with respect to any such document withheld: the date of the document, a description of the subject matter of the document, the name(s) and address(es) of each person who prepared, received, viewed or has or has had possession, custody, or control of the document, and a statement of the basis upon which the privilege is claimed.

17. Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

18. If you claim that any statement or document response to any Interrogatory has been destroyed, deleted, or is otherwise unavailable, identify each such statement or document, proving the date such statement or document was made or published, the last date that statement or document is known to have existed, what happened to that statement or document, and provide a summary of the content and meaning of that statement or document.

19. If you claim that Plaintiff has made any admission or statement against interest which you claim to be relevant to the claims or defense in this matter, identify each admission or statement, providing the identity of anyone who heard or received such admission or statement, the date of such admission or statement, how such admission or statement was made where each admission or statement was made, and a summary of the content and meaning of that admission or statement.

20. Identify any oral, or written or recorded statements taken by you or on your behalf in connection with the claims or defense raised in this matter, providing the identity of anyone who heard or receives such statement, the date of any statement, how such statement was made, where each statement was made, a summary of the content and meaning of that statement and the identity of anyone in possession of a copy of each statement.

21. Your answers to these interrogatories must be verified, dated, and signed.

## INTERROGATORIES

1. Besides yourself,  do others have access to your computer?
   a. If the answer is yes, provide their  name(s) and their address.

2. Does anyone else know your passwords to your blogs and your social media sites, including but not limited to twitter.com and facebook.com.
   a. If the answer is yes, provide their name(s) and their address(es).

3. List all "handles" or names under which you used in the past and currently use to post to the internet, or otherwise used in communications with any individual or entity regarding the Plaintiff and the subject matter of this litigation. This includes all Twitter and Facebook accounts that have been deleted.

4. List all individuals or other entities and  their handles, currently used and used in the past  that you believe to be associated with the Plaintiff and explain in detail all facts, documents  upon which you rely.

5. List all individuals or other entities and their handles, currently used and used in the past that you believe to be the Plaintiff or associated with the Plaintiff and explain in detail all facts, documents upon which you rely.

5. Identify each and every witness you intend to call at the trial of this action and provide a summary of each witness's testimony.

6.  Explain in detail all facts upon which you rely in support of each of the defense raised in your Answer to Complaint, setting forth each fact which you claim supports each defense.

7. Identify and explain in detail all methods you have used to investigate the truth or falsity of your claims regarding Plaintiff, made directly as listed on paragraph 18 of the Amended Complaint.

 8. Identify and explain in detail all methods, facts, and documents  you have used to investigate the truth or falsity of your claims regarding Plaintiff's mental state.

9.  Explain why you created the website, "ondreatyestalker.blogspot.com" and also the statements regarding Plaintiff,  and what facts you have to support your claim(s).

10. With respect to each defamatory communication alleged in the Plaintiff's complaint, if you,  the Defendant, at any time retracted or modified such communication, please state:
    (a) the date, time, place, mode of communication, and wording of such retraction or modification,
    (b) the names and addresses or other identification of those to whom such retraction or modification was given,
    (c) the time, date, place, mode of communication, and wording of any response made by the plaintiff to such retraction or modification.

12. Specifically state and describe all facts, documents, and bases supporting your statements regarding Ondrea Tye  as set forth in 18 of the Amended Complaint, including but not limited to identify of all documents and things referring or relating thereto, and the identity of the persons with knowledge thereof.

13.State the factual basis for all of your contentions made in your affirmative defense and identify all documents which you contend support your affirmative defenses.

13. Since the time of filing this Complaint, state whether you have continued to look for postings of Ondrea Tye in any online forums and screen capturing them to put in your Facebook labeled "loony liberal.

14. Identify any and all persons you expect to call as a witness at trial, including expert witnesses. Please describe the substance of the facts or opinions about which such persons, including expert(s), intend to testify. Please state whether each expert will provide a written expert report.

14.Identify and produce all documents to be marked or introduced as evidence at trial.

15. Is YOUR response to each request for admission (Set One) served with these interrogatories an unqualified admission?  If not, for each response that is not an unqualified admission:
    (a) state the number of each request for admission;
    (b) state all facts upon which you base your response;

WRITTEN INTERROGATORIES

(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and

(d) IDENTIFY all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

Dated

Ondrea Tye,
In Pro Per

**EXHIBIT B**

Ondrea Tye
520 E. Lemon Ave
Monrovia, CA 91016
Telephone:(626) 862-6277

In Pro Per

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ONDREA TYE, an individual

      Plaintiff,

vs.

JEANENTE RUNYON, an individual

      Defendant,

CASE NO. LA CV14 06160-DDP (JCx)

**DEMAND FOR PRODUCTION OF DOCUMENTS, SET ONE**

PROPOUNDING PARTY:   Any Plaintiff

RESPONDING PARTY:   Any Defendant

SET NUMBER:   One

**DEMAND FOR PRODUCTION OF DOCUMENTS, SET ONE**

TO  DEFENDANT AND HER COUNSEL OF RECORD:

      Pursuant to the provisions of Federal Rule of Civil Procedure 34, it is hereby requested and demanded of Defendant Jeanette Runyon, that YOU respond separately,

under oath and in writing, to each and every category of documents set forth herein, within thirty (30) days of service of this request.

PLEASE TAKE NOTICE THAT, within thirty (30) days of service of this request, you directed to produce for inspection and copying of the same, all the documents and materials described below which are in your possession, custody, and/or control to the **ADDRESS WHERE YOU WANT DOCUMENTS SENT**. Unless otherwise indicated, a copy of the documents requested shall be sufficient for this production of documents.

## PRODUCTION CATEGORIES[1]

REQUEST FOR PRODUCTION NO. 1. All electronically-stored information or date regarding, referring to, and addressing the claims raised in the complaint, or statements made and defenses raised in your Answer to Complaint.

REQUEST FOR PRODUCTION NO. 2. Produce all materials and communications you sent or received from any other individual or entity regarding the Plaintiff, the subject matter of this litigation, or any individual or entity(ies) believed by you to be associated with the Plaintiff at any time.

REQUEST FOR PRODUCTION NO. 3. Produce all internet postings, whether deleted or currently online made by you regarding the Plaintiff, the subject matter of this litigation.

REQUEST FOR PRODUCTION NO. 4. Provide your tax returns for the last 3 years, 2015, 2014, 2013) including all forms and attachments.

REQUEST FOR PRODUCTION NO. 5. Produce all documents which you intend to introduce at trial.

REQUEST FOR PRODUCTION NO. 6. Provide all documents addressing or pertaining to the facts and circumstances raised by your Answer to Complaint.

REQUEST FOR PRODUCTION NO. 7. Provide any expert reports, if any, upon which you expect to rely in this matter.

---

[1] Please see *infra* for definitions.

REQUEST FOR PRODUCTION NO. 8. Provide copies of documents regarding any legal matters such as letters, settlements and lawsuits regarding your internet posting towards others on the internet.

REQUEST FOR PRODUCTION NO. 9. Provide a complete copy of all documents which currently are posted to the  Defendant websites and other forums which Defendant posted regarding Plaintiff, including those that were posted but subsequently removed.

REQUEST FOR PRODUCTION NO. 10. Provide copies of any oral, written, or recorded statements taken by you or on your behalf in connection with the claims or defense raised in this matter.

REQUEST FOR PRODUCTION NO.11 Provide documentation of evidence that the "handles" or names of persons you claim  is posting as  the Plaintiff or influenced by the Plaintiff.

REQUEST FOR PRODUCTION NO.12. Produce all Documents relating to Defendant's statements alleged in 18 of the Amended Complaint.

REQUEST FOR PRODUCTION NO. 13. Produce all Documents that support your contention that  Plaintiff, Ondrea Tye, Stalks you.

REQUEST FOR PRODUCTION NO. 14.  Produce all Documents that support your contention that  Plaintiff, Ondrea Tye, defamed and defames  you.

REQUEST FOR PRODUCTION NO. 15.  Produce all Documents that support your contention that  Plaintiff, Ondrea Tye, defamed and defames you by proxy.

REQUEST FOR PRODUCTION NO. 16.  Produce all Documents that support your contention that  Plaintiff, Ondrea Tye, is mentally disturbed.

Dated: Jun 3 2015 _____

Ondrea Tye
In Pro Per.

- 3 -

**EXHIBIT C**

Ondrea Tye
520 E. Lemon Ave
Monrovia, CA 91016
Telephone:(626) 862-6277

In Pro Per

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ONDREA TYE, an individual

             Plaintiff,

vs.

JEANENTE RUNYON, an individual

             Defendant,

CASE NO. LA CV14 06160-DDP (JCx)

**REQUESTS FOR ADMISSION, SET ONE**

PROPOUNDING PARTY:   Ondrea Tye

RESPONDING PARTY:    Jeanette Runyon

SET NUMBER:          One

**REQUESTS FOR ADMISSION, SET ONE**

    TO  DEFENDANT  AND HER COUNSEL OF RECORD:

    Pursuant to the provisions of Federal Rule of Civil Procedure 36, it is hereby

requested and demanded of Defendant Jeanette Runyon (hereinafter "YOU" or "YOUR"),

that YOU make admissions of the following statements of fact which are materially pertinent

to Plaintiff claims  hereto in accordance with Rule 36, under which rule of procedure this

request for admissions is made, thereby answering the following facts in the above-entitled and number cause, and that such answers be sworn to and filed promptly in the office of the District Clerk where this case is pending and a copy delivered to the writer within thirty (30) days from the serving of this request upon you.  Otherwise, each of the matter of which an admission is requested and demanded shall be deemed admitted by you in accordance with Rule 36 of the Federal Rules of Civil Procedure.


### REQUESTS FOR ADMISSION[1]
### TRUTH OF FACTS

**REQUEST NUMBER 1**

Admit that YOU are fully responsible for the damages suffered by PLAINTIFF.

**REQUEST NUMBER 2**

Admit that YOU do not have any defenses to the claims against YOU contained in PLAINTIFF's Complaint.

**REQUEST NUMBER 3**

Admit that none of the denials contained in YOUR Answer to PLAINTIFF's Complaint have any merit.

**REQUEST NUMBER 4**

Admit that none of the Affirmative Defenses contained in YOUR Answer to PLAINTIFF's Complaint have any merit.

---

[1]Please see *infra* for definitions.

**REQUEST NUMBER 5**

Admit that you knew the statements about Plaintiff defaming you were false when you declared this on multiple internet sites for many years.

**REQUEST NUMBER 6**

Admit that Defendant, Jeanette Runyon, claims  Plaintiff being "mentally disturbed," "deranged," "stalker," "impersonating" and "crazy" lowered The Plaintiff's reputation in the estimation of the community,  or to deter third persons from associating with the Plaintiff or to encourage others to attack plaintiff.

**REQUEST NUMBER 7**

Admit, you,  Jeanette Runyon, made  statements of the  mental capacity of Plaintiff  using terms  of  "deranged,"  "loony,"  "crazy"  or  "mentally  disturbed"  concerning Plaintiff diminished mental state has no basis in fact.

**REQUEST NUMBER 8**

Admit that you,  Jeanette Runyon,  knowingly and negligently made statements accusing Plaintiff of stalking you,  even though you had no evidence and  knew it to be false.

**REQUEST NUMBER 9**

Admit  that,  you  Jeanette  Runyon,  knowingly  and  negligently  made  statements accusing  Plaintiff  of  impersonating  you  even  though  you  had  no  evidence  and  you knew it to be false.

**REQUEST NUMBER 10**

Admit  you were the person who posted on the Facebook wall of Plaintiff's employer, City  of  Los  Angeles  Planning  Department  and  Plaintiff's  EAA  union  and  the  City

Attorney's Facebook wall regarding you accusing Plaintiff of posting during working hours and impersonating you from two twitter accounts.

**REQUEST NUMBER 11**

Admit that you, Jeanette Runyon, knowingly and negligently made statements regarding that Plaintiff is impersonating you though you knew it to be false and had no evidence it was true.

**REQUEST NUMBER 12**

Admit that you, Jeanette Runyon, knowingly and negligently made statements without evidence that Plaintiff is defaming you online under various handles or pseudonyms.

**REQUEST NUMBER 13**

Admit that you, Jeanette Runyon, knowingly and negligently made statements without evidence that Plaintiff iand that Plaintiff illicit others to do defame you in her behalf.

**REQUEST NUMBER 14**

Admit that you, Jeanette Runyon, knowingly and negligently made statements without evidence that Plaintiff posted on ripoffreport.com to defamed you.

**REQUEST NUMBER 15**

Admit that you, Jeanette Runyon, knowingly and negligently made statements accusing Plaintiff either supplies information to the website regarding you, for others to post or owns the website "nomanics.com."

**REQUEST NUMBER 16**

Admit that you, Jeanette Runyon, have no facts or evidence that proves Plaintiff associates with anyone you believe is defaming you or the person or persons is work as a proxy.

**REQUEST NUMBER 17**

Admit you posted claims of Plaintiff's stalking and defaming for 3 years at minimum.

## REQUEST NUMBER 18

Admit you post use a well- known handle "Jeanette Victoria" in postings and social media.

## REQUEST NUMBER 19

Admitt you continue to find posts about Plaintiff and list it under "loony liberal" on your Facebook page and also post about the details of the Lawsuit.

## REQUEST NUMBER 20

Admit that any emails in your possession regarding made in approximately 2007 to Jim Sutter has beyond the statute of limitation and is not related to this case and your actions.

Dated ˍˍˍˍˍˍˍˍˍˍ                    ˍˍˍˍˍˍˍˍˍˍˍˍˍˍˍˍˍˍˍˍ
                                    Ondrea Tye,
                                    In Pro Per

**EXHIBIT D**

July 15, 2015

Jeanette Runyon
686 Happy Hill Road
North Carolina,  27295

SUBJECT: Ondrea vs. Runyon LA CIV14 06160-DDP (JCx)
RE:  No Discovery requests

Dear Ms. Runyon:

On June 3, 2015, you were served via first class mail two discovery demands: 1) Interrogatories and 2) Production of Documents. Under the Federal Rules of Civil Procedure (FRCP) 33(b) and 34(b) you are required to answer them, and/or file your objections within 30 days of service of the discovery requests.  It is now beyond 30 days and you have failed to respond to any of these two discovery requests. I trust you understand discovery is part of adjudicating this Complaint and you are obligated to answer and/or object to them. You cannot ignore these requests.

However, you cannot answer the third document, Request for Admissions, that was mailed to you the same day via first class mail since the time to respond has expired under FRCP Rule 36.

Under local rule 37-1 and FRCP 26-37, we must meet and confer so that I can determine your reasons for your failure to respond to my discovery requests so that I can prepare a joint  stipulation which you would be required to sign and make your reasons for failure to respond. If you are unwilling to meet and confer with me and/or answer the discovery requests in a timely fashion, I will file the joint stipulation stating you refused to respond and thereafter file  a Motion to Compel. Therefore, I demand you provide your answers to my requests posthaste.

I request that you call me at 626 862 6277 or text me at the same number, or email me at baily_pie@yahoo.com to let me know what a convenient time is to discuss this matter.

Pursuant to  local rule 37-1, you are required to respond to this letter within 10 days.

Sincerely,

Ondrea Tye

**EXHIBIT E**

| Subject: | Fw: Interrogatories |
| --- | --- |
| From: | ondrea tye (baily_pie@yahoo.com) |
| To: | ondrea.tye@lacity.org; |
| Date: | Tuesday, July 28, 2015 6:40 PM |

On Tuesday, July 28, 2015 4:03 PM, Jeanette Victoria <jeanettevictoria@ymail.com> wrote:

This is an extremely busy time of the year for me

I am working on them, I don't see the point of doing them before mediation....

You WILL get them.

Ondrea Tye
520 E. Lemon Ave
Monrovia, CA 91016
Telephone :(626) 862-6277

In Pro Per

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ONDREA TYE, an individual

                    Plaintiff,

vs.

JEANETTE RUNYON, an individual

                    Defendant,

CASE NO. LA CV14 06160-DDP (JCx)

DECLARTION OF ONDREA TYE IN SUPPORT OF MOTION TO COMPELL

## DECLARATION OF ONDREA TYE

I, Ondrea Tye, declare as follows:

The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

DECLARATION OF ONDREA TYE IN SUPPORT OF MOTION TO COMPELL   -1

1.  I am the Plaintiff in the herein case. I am an Urban Planner employed with the City of Los Angeles. I work with a Design Review Board, many constituents, stakeholders, applicants council office Planning Deputes and others in the community so it is important that I am trusted as a member of the staff and my reputation should not be impeached by lies and smears.

2.  The Defendant is my sister and we have been estranges since May of 2001. There is an intense emotional animosity between us and that it is a hardship to deal with the Defendant and that it is safer to converse via email.

3.  On August 6, 2014, I filed a Complaint with the Central District Court for California. On October 2, 2014, I filed an amended complaint. A motion to dismiss was filed by Defendant on November 21, 2014 and on Honorable Judge Pregerson sustained two causes of actions: Libel Per *Se* and infliction of emotional distress on January 28, 2015.

4.  The Defendant, Jeanette Runyon and myself are *Pro Se* litigants. At this point the Complaint is now in the Discovery phase. On June 3, via first class mail, Defendant received her First Set of Interrogatories, Request for Production of Documents and Request for Admissions. Jeanette Runyon has ignored these requests and has either answered nor objected to them. On July 15,2015, As instructed pursuant to Local Rule 37-1, I sent her a letter via first class mail demanding she respond to my discovery

requests and that we meet and confer.  The letter also stated she had 10 days to respond. I provided her my phone number. Instead, after 10 days emailed me that she was just too busy to be bothered and assumed the mediation was going to make it all go away. Despite my fear of discussing anything with her, I provided my phone number and was willing to confer  as required to resolve these issues. Jeanette Runyon has failed to  call me.

5. I do not know the outcome of the upcoming mediation on August 5, 2015, and hopefully, there will be a resolution to the satisfaction to both parties, however, it is in my best interest to proceed as if there would be no settlement achieved to protect my legal rights. There are no excuses that she can now resurrect in the defense of her ignoring Court Procedures.  Therefore, discovery must move forward since it cannot sit idly in suspense mode with Jeanette Runyon assuming that if settlement does not occur  she still has can pretend the rules did not apply to her.

I declare under penalty of perjury pursuant to the laws· of the United States of America that the foregoing facts are true and correct.

Executed on August 4, 2015 at Los Angeles, CA



By_____
    Ondrea Tye

DECLARATION OF ONDREA TYE IN SUPPORT OF MOTION TO COMPELL   -3

**PROOF OF SERVICE**

I, Barbara Firth, declare as follows. I am over age of 18 years. My address is:

1191 Huntington Dr. #192

Duarte, California, 91010

On August 4, 2015, I served the foregoing documents described as PLAINTIFF'S MOTION TO COMPEL INTEROGATORIES AND PRODUCTION OF DOCUMENTS; REQUEST FOR ORDER TO WAIVE DEFENDANT'S OBJECTIONS THEREOF and DECLARATION OF ONDREA TYE, in a sealed envelope, with first-class postage prepaid thereon, and deposited said envelope in the United States mail in Los Angeles, California, addressed to:

Jeanette Runyon

686 Happy Hill Road, Lexington

North Carolina, 27295

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 4, 2015, at Monrovia, California.

Barbara Firth

Barbara Firth